■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT VANDERBILT WILLIAMS, Appellant.— Judgment of the Supreme Court, Queens County, rendered March 30, 1965, modified, on the law and the facts, by vacating the sentence. As so modified, judgment affirmed and appellant remanded to the trial court for resentence. We are of the opinion that appellant received a fair trial, was properly convicted and received a legal sentence. The sentence minutes, however, reveal that the court misconstrued its power to determine upon which count of the indictment it could sentence. Under section 2188 of the Penal Law, the court in this case could have suspended sentence on the more serious counts of the indictment and sentenced appellant on the lesser count if it were so inclined. Because of the peculiar nature of this crime and the remoteness in time of the prior felony, we are remanding the matter for resentence so that the trial court may exercise its discretion in the first instance in determining what punishment is warranted. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AGATINO ZITO, Appellant.— Order of the Supreme Court, Kings County, dated August 16, 1965, reversed, on the law, and application granted to the extent that a hearing is directed to be held on the issues raised in appellant's application; and matter remanded accordingly to the Supreme Court, Kings County. Findings of fact, if any, have not been considered. In our opinion, defendant has alleged facts which, if established, justify relief by way of *coram nobis*. He is entitled to a hearing (*People* v. *Picciotti*, 4 N Y 2d 340; *People* v. *Gallo*, 12 N Y 2d 12; *People* v. *Donovan*, 13 N Y 2d 148). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN CHARLES GREULICH, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated June 26, 1965, which, after a hearing, denied his request for assignment of counsel, dismissed the writ and remanded him to respondent's custody. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for the purpose of (1) holding a new hearing; (2) assigning counsel to represent appellant on such hearing; and (3) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact were considered by this court. It was error for the Special Term to have disregarded appellant's request for the assignment of counsel to represent him and to have dismissed the writ without having granted such request (*People ex rel. Slade* v. *Follette*, 26 A D 2d 823; cf. *People ex rel. De Groat* v. *Fay*, 26 A D 2d 950). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISRAEL V. LAO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated August 9, 1965, reversed, on the law, without costs, and proceeding remitted to the Special Term for the purpose of (1) holding a new hearing, (2) assigning counsel to represent appellant on such hearing and (3) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact were considered by this court. It was error for the Special Term to deny appellant's request that counsel be assigned to represent him and to dismiss the writ without granting the request (*People ex rel. King* v. *Fay*, 25 A D 2d 778; *People ex rel. Slade* v. *Follette*, 26 A D 2d 823). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.